IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                             No. CR 15-4112 RB

ROBIN LEE LOVELACE,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Ms. Lovelace's pro se[1] Motion for Compassionate Release Pursuant to the First Step Act, filed on April 21, 2020. (Doc. 305.) Having reviewed the motion, the record, and the applicable law, the Court finds the motion is not well-taken and should be **dismissed**.

**I.  Background**

On March 16, 2019, Ms. Lovelace pled guilty to a Rule 11(c)(1)(C) plea agreement to 11 counts of a 24-count Indictment charging her and seven co-conspirators with a variety of offenses, including conspiracy to possess with intent to distribute 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). (Docs. 3; 101–02.) The Court accepted the plea agreement and sentenced Ms. Lovelace to 144 months. (Doc. 176.)

Ms. Lovelace now moves the Court for compassionate release based on the COVID-19 pandemic. (Doc. 305.) She alleges that she has been treated for cancer and has diagnoses of

---

[1] An attorney was appointed for Ms. Lovelace on April 24, 2020 (*see* Doc. 308), but counsel has not filed a supplemental motion or a reply.

hypertension, thyroid problems, depression, anxiety, and asthma, and she asks the Court to allow her to serve the remainder of her sentence in home confinement with her daughter. (*Id.* at 1–2.)

**II.      Analysis**

The First Step Act went into effect on December 21, 2018. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Prior to the passage of the First Step Act, only the Director of the Bureau of Prisons (BOP) could file a motion for compassionate release, and that very rarely happened. Section 603(b) of the First Step Act modified 18 U.S.C. § 3582(c)(1)(A), however, with the intent of "increasing the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5194, at *5239 (capitalization omitted). That section now provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after [she] has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [her] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . ." 18 U.S.C. § 3582(c)(1)(A).

Ms. Lovelace did not allege in her motion that she had exhausted her administrative rights before filing her motion with the Court. (*See* Doc. 305.) Counsel for the Government "contacted legal counsel at FMC Carswell and obtained Defendant's request to the Warden for a sentence reduction, which was sent via email dated April 8, 2020[,]" and clarified via a second email on April 9, 2020. (Docs. 307 at 2; 307-1; 307-2.) As of April 23, 2020, the date of the Government's response, the Warden had not adjudicated Ms. Lovelace's request. (*See* Doc. 307 at 2.) Although sufficient time has passed for Ms. Lovelace to file a reply brief and to update the Court on the Warden's response to her request, she has not done so.

"The Tenth Circuit has not addressed whether the administrative exhaustion requirement under Section 3582(c)(1)(A), which Congress added in 2018, is jurisdictional. Even so, the 'text,

context, and relevant historical treatment' of Section 3582(c)'s various subsections suggest that Congress intended that courts treat the exhaustion requirement as jurisdictional." *United States v. Read-Forbes*, No. CR 12-20099-01-KHV, 2020 WL 1888856, at *3 (D. Kan. Apr. 16, 2020), *reconsideration overruled*, No. CR 12-20099-01-KHV, 2020 WL 2037053 (D. Kan. Apr. 28, 2020). This subsection initially provides that a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). "As a textual matter, the provisions of Section 3582(c) operate as a 'clear and mandatory restriction on a court's authority.'" *Read-Forbes*, 2020 WL 1888856, at *3 (quoting *United States v. Spaulding*, 802 F.3d 1110, 1122 (10th Cir. 2015)). "In other words, the statute 'speak[s] to the power of the court rather than to the rights or obligations of the parties,' which suggests that its administrative exhaustion requirement is jurisdictional." *Id.* (quoting *Landgraf v. USI Film Prods.*, 511 U.S. 244, 274 (1994)); citing (*Spaulding*, 802 F.3d at 1124 (Section 3582(c) is jurisdictional limitation on ability of district courts to alter sentence of imprisonment)).

The Tenth Circuit has held that exhaustion is a jurisdictional requirement for motions brought pursuant to §§ 3582(c)(1)(B) and (c)(2). *See id.* (gathering cases). And while Section 3582(c)(1)(A) includes an express exhaustion requirement, "the Court sees no reason to treat that subsection's requirements any differently." *Id.* Thus, the Court treats Section 3582(c)(1)(A)'s exhaustion requirement as jurisdictional. Because Ms. Lovelace filed her motion prematurely, the Court will dismiss it for lack of exhaustion.

Even if the Court did not treat the exhaustion requirement as jurisdictional, it would deny the motion for at least three reasons. First, as the Government notes, "[e]ven if the exhaustion requirement of Section 3582(c)(1)(A) is not jurisdictional, it is at least a mandatory claim-processing rule and must be enforced if a party 'properly raise[s] it.'" (Doc. 307 at 6 (quoting

*Ebenhart v. United States*, 546 U.S. 12, 19 (2006) (holding that deadline in Fed. R. Crim. P. 33 for new trial motions is not jurisdictional, but is inflexible and must be enforced if properly raised); *see also Read-Forbes*, 2020 WL 1888856, at *4. Second, while Ms. Lovelace discusses her health problems in her motion, she fails to submit any evidence (in the form of medical records, etc.) to support her arguments that she is at a higher risk for severe illness should she contract COVID-19. Without supporting documentation, the Court is unable to give full consideration to her argument. Finally, Ms. Lovelace alleges that "[t]he conditions at Carswell, FMC are dangerous for any inmate with COVID19" and that "[t]he BOP response to the COVID19 Virus has been negligent . . . ." (Doc. 305 at 1.) The Court is sympathetic to Ms. Lovelace's concerns, but it also notes that the BOP continues to take measures to protect the health of inmates in federal prison facilities. *See* https://www.bop.gov/coronavirus/. Without evidence demonstrating that the facility is failing to take appropriate safety measures, the Court is unable to grant the relief Ms. Lovelace seeks.

**THEREFORE,**

**IT IS ORDERED** that the Motion for Compassionate Release Pursuant to the First Step Act, (Doc. 305) is **DISMISSED WITHOUT PREJUDICE**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE