**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　　　No. CR 15-4112 RB

ROBIN LEE LOVELACE,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

On June 5, 2020, Ms. Robin Lovelace moved the Court for compassionate release due to the COVID-19 pandemic. In its Memorandum Opinion and Order denying her motion, the Court observed that Ms. Lovelace's age, health conditions, and the documented significant and rising level of infection at FMC Carswell approached a level that was extraordinary and compelling. The Court declined to expressly make that determination, though, because other factors weighed against a sentence reduction. Critically, Ms. Lovelace had not produced evidence of participation in drug and alcohol counseling, and the United States Probation Office (USPO) had denied her proposed release plan.

Ms. Lovelace now presents evidence that she has completed a Drug Abuse Education course and has secured a new proposed release plan. In the interim, the number of confirmed positive inmate cases at FMC Carswell, where Ms. Lovelace is housed, has significantly decreased. For the reasons that follow, the Court finds that extraordinary and compelling circumstances do not exist to grant compassionate release at this time and will deny Ms. Lovelace's motion.

**I.　Background**

On March 9, 2019, Ms. Lovelace pled guilty to a Rule 11(c)(1)(C) plea agreement to 11 counts of a 24-count Indictment charging her and seven co-conspirators with a variety of offenses,

1

including conspiracy to possess with intent to distribute 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). (Docs. 3; 101–02.) The Court accepted the plea agreement and sentenced Ms. Lovelace to 144 months. (Docs. 176; 178.) She has served approximately 57 months or 40 percent of her sentence and has a projected release date of February 20, 2026. (*See* Doc. 315 at 2.)

Ms. Lovelace moved the Court, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), to reduce her sentence due to the COVID-19 pandemic. (Doc. 312.) The Court found that while Ms. Lovelace's age, underlying health conditions, and the rising level of COVID-19 infection at FMC Carswell approached extraordinary and compelling circumstances that might warrant a sentence reduction, it did not need to make that determination because other factors weighed against a reduction. (Doc. 320 at 9.) The Court was concerned with the lack of evidence regarding whether Ms. Lovelace has participated in drug and alcohol counseling and with the USPO's denial of her proposed release plan. (*Id.* at 11–12.) As a result, the Court denied her motion. (*Id.* at 12.)

Ms. Lovelace now moves the Court to reconsider her motion. (Doc. 323.) She submits evidence to show that she has completed a ten-week drug course and other programs (Docs. 323-A–F), as well as three alternative release plans (Doc. 323-G). The United States opposes her motion. (Doc. 324.)

**II.   Discussion**

In finding that Ms. Lovelace previously presented conditions that approached extraordinary and compelling, the Court found it critical that FMC Carswell was experiencing an outbreak of COVID-19. (Doc. 320 at 8.) On the date of its first Opinion, the facility had 510 positive cases. (*See id.* (citing *COVID-19 Coronavirus*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/).) On the date of this writing, September 8, 2020, the number

2

has decreased to 9 cases. *See COVID-19 Coronavirus*. As a 60-year-old individual with asthma and hypertension, the Court agrees that Ms. Lovelace has an increased risk for serious illness if she contracts COVID-19. However, her risk is not so high that the Court finds extraordinary and compelling circumstances exist when it appears that FMC Carswell has gotten the outbreak under control.

Additionally, while the Court congratulates Ms. Lovelace on completing the ten-week Drug Abuse Education course, the undersigned remains concerned about early release when Ms. Lovelace is currently unable to complete other important drug education classes. (*See* Doc. 323 at 2–3 (explaining that Ms. Lovelace cannot complete the Resolve Program or the 500-hour Residential Drug Abuse Program until she is closer to her projected release date).)

The Court continues to be concerned about the very real risks inmates face from COVID-19. Under these circumstances, however, that risk is not so substantial that it warrants a sentence reduction for Ms. Lovelace.

**THEREFORE,**

**IT IS ORDERED** that the Motion to Reconsider Motion for Compassionate Release (Doc. 323) is **DENIED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE